# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **JORDAN JOSEPH KINARD,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:15CV00086 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **DR. ROSE DULANEY,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Jordan Joseph Kinard, Pro Se Plaintiff.*

The plaintiff, Jordan Joseph Kinard, a Virginia inmate proceeding pro se, has filed a civil rights action under 42 U.S.C. § 1983, complaining that the defendant prison doctor is not providing adequate treatment for a shoulder condition and abdominal problems.[1] Because Kinard has not prepaid the filing fee for this action, I will also consider whether he qualifies to proceed in forma pauperis under 28 U.S.C. § 1915. After review of the record, I will summarily dismiss this lawsuit under 28 U.S.C. § 1915(g) and deny Kinard's pending motion seeking interlocutory relief, because he has previously had at least three federal lawsuits dismissed as frivolous or for failure to state a claim and has not shown imminent danger of physical harm related to his present claim.

---

[1] Kinard has another pending civil action, Case No. 7:14CV00230, alleging that defendants in that action have acted with deliberate indifference to his medical concerns. In reviewing this new lawsuit from Kinard, I take judicial notice of the medical records provided in support of the Motion for Summary Judgment in the earlier case.

Kinard alleges that on August 25, 2014, a doctor assessed him for a complaint of abdominal pain and diagnosed stomach ulcers. Kinard told the doctor that his prescribed medication was not effective in addressing his pain and claimed he was receiving "no treatement." (Compl. 3.) The doctor prescribed more medication and exercises for Kinard's shoulder condition, although Kinard told her that the exercises exacerbated his condition and pain. The doctor allegedly told Kinard that his shoulder X rays were negative, a specialist would not help, and the medication and exercises were the treatment available to him. The doctor did not agree with Kinard's assertion that his past X rays showed otherwise. Kinard also mentions past physicians and prison administrators who have allegedly ignored the evidence in his past X rays. He asserts that all of these individuals know that Kinard has a deviation of his spine which might cause paralysis if untreated.

At the August 25 visit, the defendant doctor also examined Kinard for his abdominal complaints. She diagnosed possible ulcers and prescribed medication. When Kinard complained that the medication was ineffective, the doctor issued a different prescription, also ineffective, according to Kinard. Since then, Kinard has allegedly suffered bloody stools and diarrhea, worsened by eating. He believes that his condition could be fatal and should be treated as an emergency and be evaluated immediately by a specialist, but the prison doctor disagrees with this assessment. Kinard asserts that his inadequate treatment derives from policies and

practices within Virginia Department of Corrections and its contracted health care provider company. Kinard also submits a "Request for Temporary Restraining Order," directing the defendant and other nonparty prison officials to provide him "the requisite prompt, adequate and reasonable" medical care for his abdominal issues. (ECF No. 2.)

The Prison Litigation Reform Act of 1995 substantially amended 28 U.S.C. § 1915, the in forma pauperis statute. One purpose of the Act was to require all prisoner litigants suing government entities or officials to pay filing fees in full, either through prepayment or through installments withheld from the litigant's inmate trust account. § 1915(b). Section 1915(g) denies the installment payment method to prisoners who have "three strikes" — those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim — unless the three-striker inmate shows "imminent danger of serious physical injury." § 1915(g).

Courts have held that the "imminent danger" exception to § 1915(g)'s "three strikes" rule must be construed narrowly and applied only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate" to the alleged official misconduct. *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). Numerous courts have also concluded that where a three-striker inmate's allegations reflect that he has received medical care and simply disagrees with the

opinions of the medical personnel who have examined him, he fails to satisfy the imminent danger requirement of 28 U.S.C. § 1915(g). *See, e.g., Renoir v. Mullins*, No. 7:06CV00474, 2006 WL 2375624 (W.D. Va. Aug. 15, 2006) (finding disagreement with diagnoses and prescribed treatment is not imminent danger of serious physical harm).

Court records available on line indicate that the plaintiff has accumulated three strikes under § 1915(g): *Kinard v. Hendricks*, No. 2:07-cv-00461-JBF-JEB (E.D. Va. Nov. 1, 2007); *Kinard v. Sanchez*, No. 2:07-cv-00355-JBF-JEB (E.D. Va. Aug. 6, 2007); and *Kinard v. Land*, No. 2:07-cv-00079-JBF-TEM (E.D. Va. April 11, 2007). All three of these cases were dismissed under 28 U.S.C. § 1915A(b)(1), which authorizes summary dismissal of prison conditions cases as frivolous, malicious, or for failure to state a claim. *See also Kinard v. Miller*, No. 7:14CV00468 (W.D. Va. Sept. 8, 2014) (dismissed under § 1915(g) based on three prior strikes); *Kinard v. Va. Dep't of Corr.*, No. 7:14CV00268 (W.D. Va. May 28, 2014) (same). Accordingly, Kinard may proceed in forma pauperis (without prepayment of the filing fee) only if he can show imminent danger of serious physical injury. § 1915(g).

I cannot find that Kinard has presented facts showing that he is in imminent danger of serious physical harm related to his current claim. The essence of Kinard's complaint is that he disagrees with the doctor's current diagnoses and

-4-

treatment of his shoulder and abdominal conditions and symptoms. Kinard's self-diagnosed need for other forms of medical evaluation or aggressive treatment simply reflects his disagreement with his physician's medical judgment. Accordingly, I cannot find that Kinard has shown imminent danger of physical harm as required under § 1915(g) so as to allow him to proceed by paying the filing fee through installments.

Because the records reflect that Kinard has at least three "strikes" under § 1915(g) and he has not demonstrated that he is in imminent danger of physical harm related to his present claims, I must deny his application to proceed in forma pauperis in this civil action under § 1915(g). As he also has not prepaid the $350.00 filing fee and the $50.00 administrative fee required to bring a civil action in this court, I will dismiss the complaint without prejudice and deny his motion for temporary restraining order.[2]

A separate Final Order will be entered herewith.

DATED: April 6, 2015

/s/ James P. Jones
United States District Judge

---

[2] On the same bases, Kinard's allegations fail to state any actionable Eighth Amendment claim against the defendant doctor, *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir.1985), and fail to predict imminent, irreparable harm as required to warrant a temporary restraining order. *See* Fed. R. Civ. P. 65(b).

-5-

Case 7:15-cv-00086-JPJ-RSB   Document 8   Filed 04/06/15   Page 5 of 5   Pageid#: 68